**ORIGINAL**

# In the United States Court of Federal Claims

No. 11-347C

(Filed: November 22, 2011)

**FILED**
NOV 22 2011
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DAVID KISSI,<br><br>          Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>          Defendant. | *Pro se* Plaintiff; Breach of Contract and Fraud Claims; Rule 12(b)(1) and 12(b)(6) Motion to Dismiss; Lack of Subject Matter Jurisdiction on Contract Claim; Failure to State a Claim on Fraud Claim; Plaintiff Enjoined from Filing Future Complaints without Court Approval. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*David Kissi*, appearing *pro se*, Washington, DC.

*Dawn E. Goodman*, with whom were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Donald E. Kinner*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC.

## OPINION & ORDER

WHEELER, Judge.

    Plaintiff David Kissi filed a *pro se* complaint in this Court on June 1, 2011 and filed a "[s]upplement" to his complaint on August 8, 2011.[1] Plaintiff's complaint named the U.S. Small Business Administration ("SBA") and the U.S. Department of Justice ("DOJ") in a suit for damages of $100 million. On October 4, 2011, Defendant filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the United States Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted. Defendant also requested that

---

[1] Because it is unclear whether Plaintiff meant for his August 8 "[s]upplement" to serve as an amended complaint, this Opinion addresses the allegations in both Plaintiff's June 1 complaint and August 8 supplement to his complaint. "Compl. __" refers to Plaintiff's June 1 filing, and "Supp. Compl. __" refers to Plaintiff's August 8 filing. "Resp. __" refers to Plaintiff's "Opposition to Dismiss" filed on October 19, 2011.

1

Plaintiff be enjoined from filing any future complaints in this Court without the Court's prior approval. For the reasons set forth below, Defendant's motion is hereby GRANTED.

## Background[2]

Plaintiff and his wife, Edith Truvillion Kissi ("the Kissis") previously owned DK&R Company, Inc. ("DK&R"). See (Resp. 1; Def.'s Mot. 3, Oct. 4, 2011). Between 1993 and 1996, DK&R obtained three loans ("the DK&R loans"), two from the Money Store and one from Key Bank, N.A. See (Resp. Attach. at 12, 13, 25-34; Def.'s Mot. 3, Oct. 4, 2011). The SBA guaranteed part of the loans, and the Kissis also personally guaranteed the loans. See (Resp. Attach. at 12, 13, 25-34; Def.'s Mot. 3, Oct. 4, 2011). After DK&R failed to make timely payments on the loans, the SBA paid its guarantee obligations and then sold the loans to Pramco II, LLC ("Pramco"). See (Resp. Attach. at 15; Def.'s Mot. 3, Oct. 4, 2011). The SBA transferred the Money Store loans to Pramco on December 5, 2000 and transferred the Key Bank loan to Pramco on August 7, 2001. See (Supp. Compl., Attach. at 8; Def.'s Mot. 3, Oct. 4, 2011). On May 29, 2003, Pramco obtained a judgment against the Kissis in the sum of $328,279.55. Final Order of Judgment, Pramco II, LLC v. Kissi, Civil No. PJM 02-42 (D. Md. May 29, 2003), Dkt. No. 123.

Plaintiff's complaint is styled as a claim against the SBA and the DOJ for "Loan Fraud As A Co-Guarantor, For Abusing Its Role As A Custodian of Ammendale Trust U.S. Court Escrow Account And For [] Taking Plaintiffs' Assets Without Compensation." (Compl. 1.) Reading together Plaintiff's complaint, Dkt. No. 1, and Plaintiff's supplement to his complaint, Dkt. No. 12, Plaintiff appears to assert a breach of contract claim against the SBA and a fraud claim against the SBA, the DOJ, and Pramco (among other private entities and individuals).

Plaintiff maintains that the SBA "breach[ed] its contractual obligation with the Plaintiffs when, without advance notice, the SBA sold the commercial mortgage notes at a few cents on the dollar to mortgage lender Pramco of [u]pstate New York." (Compl. 2.) In addition, Plaintiff contends that the SBA "failed in its duties as a co-guarantor when it did not convey a marketable title to Mortgage Investor Pramco II of New York when the SBA resold same in the secondary markets without advance notice to the Kissis." (Supp. Compl. 1.)

---

[2] The Court draws the facts as stated in the Background section of this Opinion from the agreed upon facts in the parties' filings and appendices to their filings, as well as from relevant orders from the U.S. District Court for the District of Maryland.

Plaintiff's allegations of fraud are primarily asserted against Pramco (and other private entities and individuals). Essentially, Plaintiff states that the SBA did not convey marketable title and other necessary paperwork to Pramco when it transferred the DK&R loans to Pramco. See (Compl. 2). Without that paperwork, Plaintiff contends that Pramco "committed fraud" when it filed claims against the Kissis, as it falsely maintained that it held title to the DK&R loans. (Supp. Compl. 1, 3.) Although Plaintiff charges the SBA with fraud, see (Compl. 3), and asserts that the "DOJ assisted Pramco to steal Plaintiff[']s real estate portfolio Pramco never held clear titles to," (Supp. Compl. 2), Plaintiff does not identify any particular fraudulent acts by the SBA or explain how the DOJ rendered such assistance to Pramco. Plaintiff maintains that under Federal Rule of Civil Procedure 60(b), his fraud claim is not time-barred because of "newly discovered evidence" that Pramco did not hold marketable title to the DK&R loans. (Compl. 4.)

Plaintiff seeks a return of his assets, as well as $100 million "for the U.S. taking the Plaintiffs' assets without compensation" and "causing [the Kissis] emotional distress." (Compl. 4.)

Defendant moved to dismiss Plaintiff's complaint and amended complaint pursuant to RCFC 12(b)(1) and 12(b)(6) on the grounds that the Court lacks subject matter jurisdiction over Plaintiff's claims and, in the alternative, that Plaintiff has failed to state a claim upon which relief can be granted. See (Def.'s Mot. Oct. 4, 2011). Defendant also requested that Plaintiff be enjoined from filing any future complaints in this Court without the Court's prior approval. Id. at 13. Plaintiff filed a motion for partial summary judgment on October 17, 2011 and a response to Defendant's motion to dismiss on October 19, 2011. On November 2, 2011, the Court issued an order staying further briefing on Plaintiff's motion for summary judgment until after the resolution of Defendant's motion to dismiss. Defendant filed a reply to Plaintiff's response on November 4, 2011.

## Discussion

I. Plaintiff's Breach of Contract Claim is Dismissed for Lack of Subject Matter Jurisdiction.

When reviewing a motion to dismiss pursuant to RCFC 12(b)(1), the Court assumes that all factual allegations are true and construes "all reasonable inferences" in favor of the Plaintiff. Hall v. United States, 74 Fed. Cl. 391, 393 (2006) (quoting Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)). The Plaintiff must establish subject matter jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1998) (internal citations omitted). Although pleadings filed by *pro se* litigants are held to a lower standard than those drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972), *pro se* litigants are not exempt from meeting the Court's jurisdictional requirements, see Henke, 60 F.3d at 799. If the

3

Court determines that it lacks subject matter jurisdiction, it must dismiss the claim. RCFC 12(h)(3).

Under the Tucker Act, this Court has jurisdiction to entertain claims against the United States based upon the U.S. Constitution, federal laws or regulations, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2006). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(2). Moreover, when a claim is based upon a contract with the United States, the complaint must "identify the substantive provisions of the contract" on which it relies. RCFC 9(k). The complaint can do so either by describing the relevant contract provisions or by annexing a copy of the contract to the complaint and indicating the relevant provisions. Id.

### A. Plaintiff's unsupported breach of contract claim is insufficient to establish subject matter jurisdiction under the Tucker Act.

Plaintiff maintains that the Kissis had "a contractual arrangement with the SBA," (Resp. 2), and claims that the SBA breached its contractual obligations when it transferred its interests in the DK&R loans to Pramco, (Compl. 2). The "contractual arrangement" that Plaintiff cites is "a business loan agreement" allegedly "between the Kissis, their business DK&R and the SBA as co-guarantor." (Resp. 2.) In his filings, Plaintiff does not specifically identify the loan agreement that allegedly created the contractual arrangement between himself and the SBA. Plaintiff did attach many documents to his response, including loan agreements between DK&R and lenders, Key Bank and the Money Store. See (Resp. Attach. at 12, 13, 25-34).

Despite Plaintiff's avowal that a contract exists, he has failed to identify a contract between himself and Defendant. Plaintiff's reliance on the loan agreements between the SBA and lenders, Key Bank and Money Store is misplaced. Plaintiff refers to the SBA as a "co-guarantor" of his loans. (Compl. 2; Resp. 2.) The SBA, however, "is not deemed to be a co-guarantor with any other guarantors." 13 C.F.R. § 120.545(e). Rather than a co-guarantor, the loan agreements attached to Plaintiff's response indicate that the SBA acted as a surety for the loans that DK&R received. See (Resp. 12, 13, 25-34). As such, they suggest that there was a contractual relationship between the SBA and the lenders; however, they do not show that there was a contractual relationship between the SBA and Mr. Kissi or DK&R. Tellingly, Plaintiff fails to point to any provision of the alleged contract that would entitle him to relief. Because Plaintiff has failed to show that he had a contract with Defendant and has failed to adequately plead a contract claim under RCFC 9(k), the Court lacks jurisdiction to hear Plaintiff's contract claim. See Mendez-Cardenas v. United States, 88 Fed. Cl. 162, 167-68 (Fed. Cl. 2009).

B. <u>Plaintiff's breach of contract claim is time-barred</u>.

Even if Plaintiff had identified a contractual relationship between himself and Defendant sufficient to trigger this Court's subject matter jurisdiction, his breach of contract claim would be barred by the statute of limitations. Under 28 U.S.C. § 2501 (2006), "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." This Court has stated that "[i]n the case of a breach of contract, a cause of action generally accrues at the time the breach occurs." <u>Clear Creek Cmty. Servs. Dist. v. United States</u>, 2011 U.S. Claims LEXIS 1873 (2011) (citing <u>Alder Terrace, Inc. v. United States</u>, 161 F.3d 1372, 1377 (Fed. Cir. 1998)). If a complaint is not filed within the statute of limitations, it must be dismissed for lack of jurisdiction. <u>Id.</u> (internal citation omitted).

Plaintiff claims that the SBA breached its contractual obligations with the Kissis when it transferred its interest in the DK&R loans to Pramco. (Compl. 2.) These transfers occurred on December 5, 2000 and August 7, 2001, <u>see</u> (Def.'s Mot. App. at 26, Oct. 4, 2011), but Plaintiff did not file his complaint in this action until June 1, 2011—nearly ten years after his most recent cause of action would have accrued. Accordingly, Plaintiff is barred from pursuing his breach of contract claim, and it must be dismissed.

II. <u>Plaintiff's Fraud Claim is Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted</u>.

Plaintiff invokes Federal Rule 60(b) to claim that he is entitled to relief from the Maryland district court's judgment in favor of Pramco because of "newly discovered fraud" by Defendant and Pramco. (Compl. 2.) Federal Rule 60(b), the analog for which is found at RCFC 60(b), allows for relief from a final judgment in the case of newly discovered evidence or fraud. RCFC 60(b)(2)-(3). A party seeking to invoke Rule 60(b) on the basis of newly discovered evidence or fraud must do so "no more than a year after the entry of judgment." RCFC 60(c)(1).

The judgment from which Plaintiff seeks relief was entered on May 29, 2003. <u>See</u> Final Order of Judgment, <u>Pramco II, L.L.C. v. Kissi</u>, Civil No. PJM 02-42 (D. Md. May 29, 2003), Dkt. No. 123. Accordingly, Plaintiff's fraud claim is untimely. Even if Plaintiff's claim were timely, this Court cannot review a judgment of the Maryland district court. <u>See</u> 28 U.S.C. § 1291 (2006). Lastly, insofar as Plaintiff's fraud allegations are directed at Pramco and other private entities and individuals, this Court cannot grant relief against defendants other than the United States. <u>See</u> 28 U.S.C. § 1491 (2006). For these reasons, Plaintiff's fraud claim is dismissed for failure to state a claim upon which relief can be granted. <u>See</u> RCFC 12(b)(6).

5

III. Plaintiff Is Enjoined From Filing Any Future Complaints In This Court Without Prior Approval.

Rule 11 empowers this Court to impose sanctions on parties who file frivolous lawsuits with no basis in fact or law. RCFC 11. Where necessary to deter such conduct in the future, this Court has seen fit to bar a plaintiff from filing any future complaints without an order from the Court approving the filing. See Rutledge v. United States, 72 Fed. Cl. 396, 403 (2006) (citing multiple cases in which the Court has barred plaintiffs from making filings without the Court's prior approval) (internal citations omitted).

As set forth above, the Court finds that Plaintiff's claims have no basis in law or fact. Plaintiff's breach of contract claim is predicated on a seemingly non-existent contract, and his allegations of fraud are wholly unsupported. Moreover, in Plaintiff's filings, he employs gratuitous slurs and makes additional accusations without any corroborative evidence. Plaintiff alleges that the SBA and the DOJ, "through its unsavory employees . . . conspired to impound and take Plaintiffs' U.S. Trust Assets without compensation." (Compl. 1.) He accuses the SBA of "purposefully and maliciously [seeking] to ruin the [Kissis]," (Compl. 2), and of "misle[ading] the Kissis in bad faith," (Supp. Compl. 1). To support these allegations, Plaintiff fails to offer any specific details of misconduct, not to mention credible evidence.

The public record demonstrates that Mr. Kissi has a long history of making similar baseless accusations. On October 10, 2003, the Maryland district court issued a pre-filing injunction against the Kissis "based on the vexatious and frivolous pattern of litigation filed by David Kissi and/or Mrs. Kissi[] against various parties involved in the *Pramco* litigation and the Kissi bankruptcy proceedings." (Def.'s Mot. App. at 17, Oct. 4, 2011); Preliminary Injunction, Pramco II, LLC v. Kissi, Civil Action No. PJM 03 CV 2241 (D. Md. Oct. 10, 2003). Appended to the preliminary injunction, the district court included a "List of David Kissi Cases," demonstrating that between 1999 and 2003, Mr. Kissi filed at least 20 actions related to his litigation with Pramco and his bankruptcy proceedings. See id. Ex. A.[3] In an order entered June 20, 2008, the district court declined to dissolve

---

[3] The "List of David Kissi Cases" included the following actions:

- 1999 complaint against the SBA in the Maryland district court;
- 1999 complaint against C. Lawrence Wiser, counsel for Pramco and the Money Store, in the Maryland district court;
- 1999 complaint against Mr. Wiser in the Circuit Court of Maryland for Anne Arundel County;
- 1999 complaint against First Union/the Money Store in the Circuit Court of Maryland for Baltimore County;
- 2001 complaint against Joel Goldberger, Mr. Kissi's Chapter 13 Trustee, in the Maryland district court;
- 2002 complaint against Emil Hirsch, counsel for Pramco, in the Circuit Court of Maryland for Howard County;
- 2002 complaint against Richard Kremen in the U.S. District Court for the District of Columbia. The case was subsequently removed to the U.S. Bankruptcy Court in Baltimore and assigned Adversary Proceeding No. 02-5123;

the preliminary injunction in effect against Mr. Kissi. <u>See</u> Memorandum Opinion, <u>Pramco II, LLC v. Kissi</u>, Civil Action No. PJM-08-748 (D. Md.).

Mr. Kissi was convicted of criminal contempt of court for knowingly and willfully violating the preliminary injunction by filing lawsuits in two Maryland courts without authorization. <u>See</u> (Def.'s Mot. App. at 27-31, Oct. 4, 2011). Nevertheless, Mr. Kissi has persisted in filing and pursuing actions—most of which have been deemed frivolous—in various U.S. courts, including the Supreme Court of the United States, <u>see</u> <u>Kissi v. Pramco II, LLC</u>, 546 U.S. 808 (2005); <u>Kissi v. Pramco II, LLC</u>, 546 U.S. 1060 (2005), and multiple district and appellate courts.

In July 2008, Mr. Kissi filed a complaint against Coldwell Banker and Jim Gillespie in the U.S. District Court for the District of New Jersey, seeking $100 million based on claims related to the sale of his Maryland properties. <u>Kissi v. Ammendale Trust</u>, 2009 U.S. Dist. LEXIS 15532 (D.N.J. 2009). The district court found that Mr. Kissi's complaint was barred by the preliminary injunction issued by the Maryland district court and alternatively, that it lacked subject matter jurisdiction to hear his claim. <u>Id.</u> at 3-4. The court noted that Mr. Kissi had filed an identical complaint in the U.S.

---

- 2003 complaint against Mr. Kremen in the District Court of Maryland for Baltimore City. After the case was dismissed, Mr. Kissi filed an adversary proceeding in the Bankruptcy Court seeking removal of the proceeding against Mr. Kremen on May 14, 2003;
- 2003 adversary proceeding in the Bankruptcy Court against Mr. Kremen. The case was assigned Adversary Proceeding No. 03-05115;
- 2003 complaint against Gary Baxley, the Trustee's broker employed to sell the condominiums, in the District Court of Maryland for Baltimore City. After the case was dismissed, Mr. Kissi filed an adversary proceeding in the Bankruptcy Court seeking removal of the proceeding against Mr. Baxley on May 14, 2003;
- 2003 complaint against Mr. Hirsch in the District Court of Maryland for Baltimore City, Case No. 11869-2003;
- 2003 complaint against Teri Nunan, authorized agent of Pramco, in the District Court of Maryland for Baltimore City, Case No. 12234-2003;
- 2003 complaint against Mr. Nunan in the Maryland district court, Case No. 03 CV 02237 PJM;
- 2003 complaint against Gary Wilson, purchaser of DK&R's condominium unit, in the Circuit Court of Maryland for Howard County;
- 2003 complaint against Julie Tumia, authorized agent of Pramco, in the District Court of Maryland for Baltimore City, Case No. 13739-2003;
- 2003 complaint against Christine Barilla, former SBA employee, in the District Court of Maryland for Baltimore City;
- 2003 complaint against Allan Stephenson, SBA employee, in the District Court of Maryland for Baltimore City;
- 2003 adversary proceeding in the Bankruptcy Court seeking removal of a proceeding against Katherine Levin, attorney with the Office of the U.S. Trustee;
- 2003 adversary proceeding in the Bankruptcy Court seeking removal of a proceeding against Mark Neal, an Assistant U.S. Trustee;
- complaint against Mr. Wiser in the District Court of Maryland for Baltimore City. On June 2, 2003, Mr. Kissi filed an adversary proceeding in the Bankruptcy Court seeking removal of the case against Mr. Wiser.

District Court for the Northern District of Ohio. Id. at 2.[4] The U.S. Court of Appeals for the Third Circuit dismissed Mr. Kissi's appeal of the New Jersey court's decision pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), finding that it "lack[ed] an arguable basis in either law or fact." Kissi v. Gillespie, 348 Fed. Appx. 704, 706 (3d Cir. 2009).

In November 2008, Mr. Kissi filed a complaint in the U.S. District Court for the District of Delaware characterized as "derivative of" his bankruptcy proceedings in Maryland. In re Kissi, 353 Fed. Appx. 774, 775 (3d Cir. 2009). After the Delaware district court transferred the case to the Maryland district court, Mr. Kissi filed a motion for reconsideration, which the Delaware district court denied. Id. Mr. Kissi then appealed, and the Third Circuit dismissed his appeal for lack of jurisdiction. Id. (citing Kissi v. Pramco II, LLC, C.A. No. 09-1685). Mr. Kissi then filed a writ of mandamus alleging that the Delaware district court abused its discretion in transferring the case. Id. The Third Circuit found that Mr. Kissi could not show a right to the writ and accordingly, denied Mr. Kissi's petition. Id.

In February 2009, the Maryland district court dismissed as frivolous a claim by Mr. Kissi seeking to reopen his bankruptcy cases and suing Pramco for harassment and emotional distress. Kissi v. Pramco II, LLC, 2009 U.S. District LEXIS 61425 (D. Md. 2009). (The action had been transferred from the Delaware district court.) Id. The court found that Mr. Kissi's claim was "a patent attempt . . . to circumvent the [October 10, 2003] pre-filing injunction." Id. at 2. The U.S. Court of Appeals for the Fourth Circuit affirmed the district court's dismissal. Kissi v. Pramco II, LLC, 401 Fed. Appx. 786, 787 (4th Cir. 2010). In so doing, the Fourth Circuit noted Mr. Kissi's "repeated abusive filings" and consequently, enjoined him from filing any further actions in the Fourth Circuit until a district court certifies that his claim is not frivolous. Id.

Mr. Kissi also filed two petitions in the U.S. Court of Appeals for the District of Columbia Circuit to obtain a writ of mandamus preventing the D.C. district court from transferring two of his civil cases to the Maryland district court. See Kissi v. Simmons, No. 09cv1452 (D.D.C. July 31, 2009); Kissi v. Mead, 623 F. Supp. 2d 65, No. 08cv2031 (D.D.C. June 10, 2009). In both instances, Mr. Kissi moved for leave to proceed *in forma pauperis*. The D.C. Circuit found that Mr. Kissi had filed three or more claims that had been dismissed as frivolous and that, therefore, Mr. Kissi was ineligible to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) (2006). In re David Kissi, 652 F.3d 39 (D.C. Cir. 2011).

Although this recounting of Plaintiff's litigation history is by no means exhaustive, it suffices to illustrate Plaintiff's abusive litigation practices. Plaintiff's frivolous claims in this case, coupled with his history in other U.S. courts, leads the Court to conclude that

---

[4] The Ohio district court, noting the preliminary injunction in effect, transferred the case to the Maryland district court. Id. (citing Kissi v. Coldwell Banker, 08-cv-00894 (N.D. Ohio 2008), Dkt. No. 7).

it is in the best interest of judicial resources to deter Plaintiff from filing future frivolous lawsuits in this Court. Accordingly, Plaintiff shall not file any actions in this Court without the prior approval of the undersigned.

## Conclusion

Based upon the foregoing, Defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) is GRANTED. The Clerk is directed to dismiss Plaintiff's claim with prejudice. In light of this Opinion and Order, Plaintiff's motion for summary judgment is DISMISSED as moot.

Plaintiff is ORDERED to cease filing in the U.S. Court of Federal Claims any further actions related to his litigation with Pramco or his bankruptcy proceedings. The Clerk of Court is directed to accept no filing from Plaintiff without an order of the undersigned approving the filing.

In addition, Plaintiff's October 8, 2011 motion for reconsideration is DENIED, as none of the grounds identified in RCFC 59(a) are present.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge